UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLEY J. DAVIS,

    Plaintiff,

v.

PORT ANGELES SCHOOL DISTRICT et al.,

    Defendant.

Case No. C20-5448-BHS-SKV

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

## I. INTRODUCTION

Plaintiff Kimberley J. Davis brought this action against her former employer, Port Angeles School District ("PASD"), and two of its employees, Amity Butler and Patricia Reifenstahl, alleging gender discrimination and retaliation. ("Compl." Dkt. 1). Currently before the Court is Defendants' Motion for Leave to Amend their Answer to (1) assert the affirmative defense of failure to exhaust administrative remedies, and (2) clarify that Defendant Reifenstahl passed away in fall 2020. ("Mot." Dkt. 22). Having considered the parties' submissions, the case record, and the governing law, the Court orders as follows:

///

///

## II. BACKGROUND

Plaintiff was employed by PASD as a certified teacher of students with special needs from August 2001 until February 2020. Compl. ¶¶ 4.1, 4.82. On September 6, 2019, Plaintiff filed a formal complaint with PASD alleging discrimination on the basis of her sexual orientation and identifying Defendants Butler and Reifenstahl (among others) as the primary perpetrators of the discriminatory conduct. *Id.* ¶ 4.77. On or around September 17, 2019, Plaintiff filed a charge of discrimination with the Seattle office of the U.S. Equal Employment Opportunity Commission ("EEOC Charge"). *Id.* ¶ 4.78. In the EEOC Charge, Plaintiff alleged that the discrimination in question took place between January 1, 2019, and June 13, 2019, ("EEOC Charge Period"). ("Clifhorne Decl." Dkt. 23, Ex. 1 at 4). Subsequently, on March 9, 2020, Plaintiff received a Right to Sue letter from the U.S. Department of Justice. ("Resp." Dkt. 25 at 2). Plaintiff then filed this lawsuit on May 12, 2020, alleging gender discrimination and retaliation in violation of federal and state law. *See generally* Compl. On July 30, 2020, the Court issued a Pretrial Scheduling Order, which required both parties to file amended pleadings by September 24, 2020. Dkt. 15.

On June 12, 2020, Defendants filed their Answer asserting a number of affirmative defenses to Plaintiff's claims. Dkt. 11 at 11–12. Defendants' Answer did not allege that Plaintiff failed to exhaust her administrative remedies prior to bringing this action. *See id.* Then, on February 16, 2021, Defendants deposed Plaintiff. Mot. at 2, 4. Defendants allege that in her deposition, Plaintiff did not identify any acts of discrimination that occurred during the EEOC Charge Period. *Id.* Defendants now seek leave to amend their Answer to assert the affirmative defense of failure to exhaust administrative remedies. Defendants argue that amendment is proper because it will not prejudice Plaintiff, they did not unduly delay in moving for leave to

amend following Plaintiff's deposition, and amendment would not be futile. *Id.* at 3–4. Defendants also argue that there is good cause to permit them to amend their Answer after the Scheduling Order's September 24, 2020, deadline because they only became aware of the alleged inconsistencies between Plaintiff's EEOC Charge and her deposition testimony when they took her deposition in February 2021. *Id.* at 4.

Plaintiff opposes Defendants' Motion on the ground that permitting amendment at this stage would prejudice her, and because Defendants' Motion is futile and frivolous. Resp. at 3–4.

### III. DISCUSSION

In arguing for leave to amend, Defendants' Motion focuses primarily on the liberal amendment policy of Federal Rule of Civil Procedure 15(a). While it is true that there is a "strong policy in favor of allowing amendment" under Rule 15(a), *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), that standard is not applicable here. Instead, once a court has entered a pretrial scheduling order establishing a deadline for the amendment of pleadings, Federal Rule of Civil Procedure 16(b) governs. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

Under Rule 16(b), the Court first determines whether there is "good cause" to amend the scheduling order.[1] *Id*. at 608; Fed. R. Civ. P. 16(b)(4). Unlike Rule 15(a)'s more lenient standard that primarily considers the bad faith of the moving party and any prejudice to the opposing party, Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. In other words, "[t]he district court may

---

[1] Here, Defendants have not moved to amend the Scheduling Order under Rule 16(b). Instead, they have moved for leave to amend their Answer under Rule 15(a). Under such circumstances, courts have construed a party's untimely motion to amend a pleading under Rule 15(a) as a motion to also amend the scheduling order under Rule 16(b). *See, e.g.*, *Williams v. Perdue*, No. C19-0444-JCC, 2020 WL 5893408, at *1 (W.D. Wash. Oct. 5, 2020); *LifeLast, Inc. v. Charter Oak Fire Ins. Co*., No. C14-1031JLR, 2015 WL 12910683, at *2–3 (W.D. Wash. July 6, 2015). The Court does so here.

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR LEAVE TO AMEND
ANSWER AND AFFIRMATIVE DEFENSES - 3

modify the scheduling order 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 amendment)). If the party seeking the extension "was not diligent," then good cause does not exist and the inquiry should end. *Id*. But if the Court determines that good cause exists, it must next assess whether the proposed amendment is proper under Rule 15(a). *Id*. at 608.

In *Johnson*, the plaintiff sought an extension of time to add the actual owner of the ski resort at which he was injured as a defendant. *Johnson*, 975 F.2d at 606–07. The incorrectly named defendant moved for summary judgment after the scheduling order's joinder cut-off date. *Id*. The district court granted the defendant's motion and declined to allow the plaintiff to amend his complaint. *Id.* After reviewing the record, the Ninth Circuit found that the incorrectly named defendant had not hidden relevant facts or attempted to mislead the plaintiff regarding the identities of the real parties in interest. *Id*. at 609–10. As a result, the Court determined that the plaintiff had not acted with reasonable diligence in complying with the scheduling order's joinder deadline, so could not establish good cause for the requested modification. *Id*. *See also Nat'l Prod. Inc. v. Arkon Res., Inc.*, No. C15-01553RSL, 2016 WL 9224046, at *4 (W.D. Wash. Nov. 8, 2016) (denying defendant's untimely motion for leave to amend its answer under Rule 16(b) when defendant claimed plaintiff was at fault for failing to produce relevant documents, but the documents in question were either publicly available or not explicitly requested by defendant in discovery); *Precor Inc. v. Fitness Quest, Inc.*, No. C05-0993L, 2007 WL 136749, at *1 (W.D. Wash. Jan. 12, 2007) (denying plaintiff's untimely motion for leave to amend its complaint under Rule 16(b) when plaintiff claimed defendant had withheld necessary information, but the information in question had been disclosed to plaintiff in a declaration months prior). *See also Williams*, 2020 WL 5893408, at *1 (denying plaintiff's untimely motion

for leave to amend his complaint under Rule 16(b) when plaintiff failed to adequately explain a good cause reason for permitting the amendment).

Here, Defendants likewise fail to demonstrate that they acted with the requisite diligence to permit them to amend their Answer after the deadline to assert the affirmative defense of failure to exhaust administrative remedies. According to Defendants, because they "were not aware of the discrepancy with Ms. Davis's EEOC charge" prior to the deadline for amending pleadings, they have good cause for not moving to amend their Answer before then. Mot. at 4. But Defendants do not explain how the alleged discrepancies between the EEOC Charge and Plaintiff's deposition testimony led them to believe that Plaintiff failed to exhaust her administrative remedies or support their conclusion that she has. The Court infers Defendants are arguing that Plaintiff has not exhausted relative to conduct her Complaint alleges occurred before the EEOC Charge Period. But if that is the case, Defendants were aware that Plaintiff was relying on that conduct when she filed her Complaint. Thus, with reasonable diligence, they should have included the defense of failure to exhaust in their initial Answer.

Moreover, the deposition excerpts provided by Defendants do not support their position. The excerpts seemingly identify questions and responses pertaining either to discriminatory conduct witnessed by a third party or to isolated incidences of discrimination that Plaintiff's Complaint alleges occurred in January 2019 and on June 13, 2019, within the EEOC Charge Period. *See* Clifhorne Decl., Ex. 2 at 7:1–10:25. They do not identify questions that were intended to elicit all instances of discrimination Plaintiff allegedly experienced during the EEOC Charge Period. *See id.* Further, Defendants themselves acknowledge that Plaintiff did identify two possible instances of discrimination during the EEOC Charge Period in her deposition. *Id.* ¶ 3. First, Plaintiff stated that "a first grade student was placed in a different classroom, in

January 2019," which Plaintiff explicitly attributed to discrimination in the deposition excerpts provided by Defendants. *Id.* ¶ 3, Ex. 2 at 9:6–15. Second, Plaintiff stated that she "received notice alleging that Plaintiff falsified student records, in June 2019." *Id.* ¶ 3. But even if Plaintiff's deposition had not, her Complaint outlines numerous such instances, *see* Compl. ¶¶ 4.58–4.76, and the deposition excerpts provided by Defendants fail to establish the inconsistencies they allege.

Given this, Defendants' Motion, supporting declaration, and exhibits do not provide a good cause basis for permitting Defendants to amend their Answer after the deadline to assert the affirmative defense of failure to exhaust administrative remedies. Their Motion as to this proposed amendment is therefore denied. With regards to Defendants' proposed amendment to clarify that Defendant Reifenstahl passed away in fall 2020, the Court's limited research indicates that her passing occurred after the deadline to amend pleadings. As such, the Court finds good cause for permitting Defendants to amend their Answer as to Defendant Reifenstahl, and their Motion is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to Amend their Answer to assert the affirmative defense of failure to exhaust administrative remedies is DENIED. Defendants' Motion for Leave to Amend their Answer to clarify that Defendant Reifenstahl passed away in fall 2020 is GRANTED. Defendants are instructed to file an amended Answer that conforms with this Order by **June 8, 2021**.

Dated this 25th day of May, 2021.

S. KATE VAUGHAN
United States Magistrate Judge