The Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBERLEY J. DAVIS,

                  Plaintiff,

    v.

PORT ANGELES SCHOOL DISTRICT,
AMITY BUTLER, and her marital community,
PATRICIA REIFENSTAHL, and her marital
community,

                  Defendants.

No. 3:20-cv-05448-BHS-SKV

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO MODIFY CASE
SCHEDULE

## I.      SUMMARY OF REPLY

Plaintiff's response fails to address the salient issue:  whether there is good cause to modify the case schedule to allow limited additional discovery related to information produced by the Plaintiff <u>after</u> the April 23, 2021 discovery cutoff. The sole claim remaining is whether the Defendant Port Angeles School District ("**the District**") took adverse retaliatory actions which impaired Plaintiff Kimberley J. Davis' ability to secure new employment. The District has good cause for this motion because most of Plaintiff's evidence related to efforts to secure employment was produced after the discovery cutoff. Plaintiff's response ignores the substantive basis for the motion and attempts to deflect from the issues by focusing on Defendant's inadvertent error regarding the date of Plaintiff's expert's preliminary report (February 21 rather than February 2) and the qualifications of the Defendant's rebuttal expert.

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)

FACSIMILE (253) 383-637

## II.    LEGAL ARGUMENT

A.    **Davis produced evidence after the original discovery cutoff date.**

The District brought this motion "to allow the defendant to conduct additional discovery related to the plaintiff's discovery responses received after the discovery deadline …" Motion to Modify Case Schedule, p. 1. Plaintiff ignores this issue, focusing instead on the District's date error. Davis correctly observes that the expert witnesses were to be disclosed on February 2, 2021. Both parties produced a report on that date: Davis produced a preliminary report by Dr. Christina Tapia, and the District produced the report of Dr. Vanessa Tucker. Declaration of Lucy Clifthorne ("LRC Decl."), Exhibit 1. The District erroneously listed the date of Davis' report as February 21, 2021.

Davis' response ignores the fact that Davis' economic damage claim depends entirely on the reasons that she remains unemployed – information she largely produced *after* the discovery cutoff. To establish her claim under Title VII, Davis must demonstrate that the District took an adverse employment action which it would not have taken except in retaliation for Davis' protected activity. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). To prove her claim under the Washington Law Against Discrimination (WLAD), Davis must demonstrate that retaliation was a substantial factor motivating an adverse employment action by the District. *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 411, 430 P.3d 229 (2018). If she is able to meet her burden, the District will have to demonstrate its affirmative defenses, including whether Davis is partly or entirely at fault for any damages she incurred; whether the damages could have been avoided through reasonable efforts on Davis' part; and whether the District would have taken the same actions regardless of the protected activity. RCW 4.22.070(1); *Cobb v. Snohomish County*, 86 Wn. App. 223, 231, 935 P.2d 1384 (1997); *Natofsky v. City of N.Y.*, 921 F.3d 337, 347 (2d Cir. 2019)

In response to the District's Interrogatory 12, which asked Davis to identify all the positions she applied for, Davis identified only ten positions. LRC Decl., Ex. 2. In response to the District's Request for Production 12, which asked for supporting documents, Davis produced some initial job application records in early 2021 -- but did not amend her answer to Interrogatory 12. Davis'

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)

FACSIMILE (253) 383-637

1   supplemental response on March 22, 2021, did not modify her answer to Interrogatory 12. LRC

2   Decl., Ex. 3. As of this motion, Davis has not modified her response to Interrogatory 12.

3        Davis did, however, upload additional records to an online shared folder, without notifying

4   the District. On March 22, 2022, the District notified the Plaintiff that its sharefile had been

5   deactivated and requested that Davis supplement her discovery responses. LRC Decl. Ex. 4. The

6   District renewed its request on April 4, 2022. LRC Decl. Ex. 5. Upon gaining access to the online

7   folder on April 5, 2022, the District found records dated through November 21, 2021, the majority

8   of which were dated after the April 23, 2021, discovery cutoff.

9        Because Davis' economic damages depend entirely upon her claim that she was unable to

10  secure employment as a result of adverse actions by the District, it is appropriate to allow the District

11  to inquire into information newly produced by Davis, via supplemental depositions or otherwise. For

12  example, the supplemental records produced by Davis show that she applied for numerous positions

13  which had already been filled; completed a profile with school districts but did not apply for any

14  position; and applied for positions for which she is not qualified, such as speech language pathologist

15  and school psychologist. LRC Decl., ¶6. One district also stated that it had placed her on a substitute

16  teacher list. Id.

17       It is appropriate to allow the District to inquire into such information, produced well after

18  discovery cutoff, does not prejudice the plaintiff, and prevents the possibility of "trial by ambush."

19  Parties have a duty to supplement their answers to interrogatories as well as their initial disclosures

20  and document production. Fed. R. Civ. Proc. 26(e). Moreover, a primary purpose of the discovery

21  rules is to remove surprise from trial preparation. Doe v. Trump, 329 F.R.D. 262, 272 (W.D. Wash.

22  2018) (citation omitted). Thus, what constitutes good cause for modifying a scheduling order to

23  accommodate additional discovery "necessarily varies with the circumstances of each case." Id.

24  (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure:

25  Civil § 1522.2 (2d ed. 1990)).

26

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)

FACSIMILE (253) 383-637

1      Here, the District only recently learned that although Davis had not supplemented her answer

2  to Interrogatory 12, she had uploaded a significant number of new documents to an online folder to

3  supplement her response to Request for Production 12 related to her applications for employment.

4  These documents form the basis for the remaining retaliation claim. The District first requested that

5  Davis agree to allow additional discovery as to the retaliation claim. <u>LRC Dec. Ex. 4</u>. Upon receiving

6  a negative response, the District promptly brought this motion.

7      The February and April 2021 reports by Dr. Tapia both rely on Davis' complaint to assert

8  that Davis bears no responsibility for her failure to obtain new employment following what has now

9  been determined to have been a nondiscriminatory termination of employment by the District:

10      Furthermore, I understand that Ms. Davis has made efforts to find comparable
employment in the vicinity. However, while she "has applied for other teaching
11      positions," I understand that Ms. Davis has been "told that her poor references (from
PASD) bar her from teaching at their schools." [citing Davis' Complaint, p. 28.]
12      Therefore, ***consistent with the information available at this time, I have not***
***included any post-termination earnings in these preliminary calculations of Ms.***
13      ***Davis' lost earnings*** . . .

14  <u>Declaration of Christina Tapia, Exhibits A and B, p. 3</u> (emphasis added). In response to this motion,

15  Dr. Tapia states that she routinely update calculations "to ensure that the most current and accurate

16  information is incorporated," and that the figures in her existing report reflect her "current final

17  conclusions based on the information available at this time." <u>Declaration of Christina Tapia, p. 2</u>.

18      Since most of Davis' documents produced in response to Request for Production 12 post-date

19  Dr. Tapia's report, it is appropriate to allow the District to inquire into Dr. Tapia's conclusions in

20  light of the new information. The District duly requested this information, and Davis fails to show

21  how she would be prejudiced by granting the District's motion.

22  **B.**    **The District timely disclosed an appropriate rebuttal witness.**

23      In a second effort to deflect from the substance of this motion, plaintiff objects to the

24  District's rebuttal expert as untimely and unqualified. The District timely disclosed its rebuttal

25  witness, vocational expert Shelley Lewis, on February 23, 2021.  <u>LRC Decl., Ex. 6.</u> As of that date,

26

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)

FACSIMILE (253) 383-637

the only report the District had received was clearly marked "preliminary," and Davis had identified only ten positions for which she had applied in answer to Interrogatory 12.

Davis' economic damages claim consists of alleged lost earnings from the time of her nondiscriminatory discharge through retirement. At trial, Davis must show the District took adverse actions with a retaliatory motive, and if she can do so, the District will present its affirmative defenses. Accordingly, a vocational expert is appropriate for assisting the trier of fact to determine the appropriateness and reasonableness of the plaintiff's job search.

Finally, Davis' assertion of a rule 11 violation is not well taken. The District acknowledges its error misstated the date of a report as February 2 instead of February 21. Defendant's error is no worse than Plaintiff's misstatement, in response to this motion, that "defendant's counsel have had constant access" to Plaintiff's online shared folder containing application records. *See* Response, p. 5. This type of error does not support a motion for sanctions.

The District has established good cause to allow limited discovery with respect to information produced by either party subsequent to the discovery cutoff, for a 60 day period following entry of an order in this matter.

DATED this 6th day of May, 2022.

VANDEBERG JOHNSON & GANDARA, PS

By:  /s/ *Lucy R. Clifthorne*
  Lucy R. Clifthorne, WSBA No. 27287
  Heidi M. Maynard, WSBA #47241
1201 Pacific Ave., Suite 1900
Tacoma, Washington  98401-1315
253-383-3791 (Tel.)
hmaynard@vjglaw.com
lclifthorne@vjglaw.com
*Attorneys for Port Angeles School District*

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)

FACSIMILE (253) 383-637