UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLEY J. DAVIS,<br><br>                Plaintiff,<br><br>   v.<br><br>PORT ANGELES SCHOOL DISTRICT,<br><br>                Defendant. | CASE NO. C20-5448 BHS<br><br>ORDER |

THIS MATTER is before the Court on Defendant Port Angeles School District's Motion to Modify Caption and to Amend Case Schedule. Dkt. 70. The District seeks to amend the caption to remove two individual defendants, Amity Butler and Patricia Reifenstahl, who have been dismissed. *Id*. at 1. That motion is unopposed and perhaps unnecessary,[1] but it is **GRANTED**. The caption shall include only Plaintiff Davis and Defendant Port Angeles School District.

---

[1] The dismissal of less than all parties is not a final judgment and while the dismissal is not currently the subject of an appeal, it is possible that an appeal from a final judgment could include the order dismissing the individual defendants.

ORDER - 1

The District also asks the Court to modify its scheduling order to add 60 days to the discovery deadline, so that it can conduct additional discovery as to information it claims Plaintiff Davis disclosed after the April 23, 2021 discovery cutoff. It specifically seeks to depose Davis's expert witness, Dr. Tapia, about damages claims disclosed in a "second preliminary" expert report submitted (days) after the discovery cutoff, and about information Davis disclosed in a temporarily inaccessible shared online folder, regarding jobs she applied for after she was terminated. It argues that this new information was only recently made available, and that it relates to job applications Davis made through November 2021, well after the discovery cutoff. Dkt. 70 at 2–4.

Davis opposes a new 60-day period for discovery into Dr. Tapia's opinions. Dkt. 72. She argues that the discovery cutoff was April 23, 2021, and that Davis sent an updated expert report to the District on April 27, 2021, which included only insubstantial changes to Tapia's opinion that Davis has suffered $1.9 million in economic losses. *Id*. at 3. She argues that the District elected not to depose her expert and has not shown the "good cause" required to modify the schedule to allow additional discovery more than a year after the cutoff. She suggests that the District failed to timely provide the report of its vocational expert, Lewis, and that Lewis[2] is in any event not an economist qualified to opine about Davis's damages. She argues that she was required to continue to find work after the discovery cutoff, and to supplement her responses to discovery seeking that information.

---

[2] Davis's additional argument that Lewis should not be permitted to testify as a rebuttal expert is not before the Court.

ORDER - 2

The District replies that it only recently learned about the updated discovery responses and emphasizes that Davis will not be prejudiced if the discovery period is reopened (for both parties) for 60 days. Dkt. 76.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. Local Civil Rule 16(m)(1) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court."

It is perhaps true that the District could or should have realized earlier that it did not have access to the shared online folder, and it could have brought the matter to the Court's attention earlier. There is therefore a question about its diligence. But there is no question that some of the information was produced after the discovery cutoff, and that Davis will not be prejudiced by permitting the District to conduct limited discovery (obtaining records, and deposing expert Tapia) after the discovery cutoff, particularly where the trial is still four months away. The Court will permit such limited discovery over the next 45 days, for both parties. To that extent, the District's Motion to Revise the Case Schedule is **GRANTED**. The Court will not award fees.

IT IS SO ORDERED.

1    Dated this 12th day of July, 2022.

BENJAMIN H. SETTLE
United States District Judge