1

2

3                                                                        Hon. Benjamin H. Settle

4

5

6                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
7                                        AT TACOMA

8   KIMBERLEY J. DAVIS,                          )
                                                 )
9                              Plaintiff,        )   No. 3:20-cv-05448-BHS
                                                 )
10          v.                                   )   DEFENDANT'S MOTIONS IN LIMINE
                                                 )
11  PORT ANGELES SCHOOL DISTRICT,                )   Noted for October 28, 2022
                                                 )   Oral Argument Requested
12                             Defendant.        )
                                                 )
13  _____          )

14                          I.      RELIEF REQUESTED

15          Defendant Port Angeles School District ("District") moves this Court for an order

16  prohibiting the following evidence from being offered at trial:

17  (1)  Evidence related to dismissed claims.
    (2)  Evidence related to plaintiff's reasons for filing a complaint.
18  (3)  Evidence not timely produced in response to discovery.
    (4)  Evidence of insurance against liability (**Agreed**).
19  (5)  Evidence of special damages based on treatment for emotional distress (**Agreed**).
20  (6)  Evidence related to statements or actions of deceased coworker.
    (7)  Evidence by rebuttal expert if primary expert does not testify (**Agreed**).
21  (8)  Testimony from nine of plaintiff's witnesses with no relevant information.

22
            Plaintiff has agreed to Defendants' motions 4, 5, and 7, so no argument is presented. This
23
    motion is supported by the Declaration of Lucy R. Clifthorne in Support of Defendant's Motions
24
    in Limine ("LRC Dec."),
25

26

DEFENDANT'S MOTIONS IN LIMINE- 1
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

## II.   BACKGROUND

Plaintiff Kimberley J. Davis was employed by the District as a certificated elementary-level special education teacher at Dry Creek Elementary beginning August 1, 2001. Dkt. 30 at ¶ 2. In 2016, the District adopted and implemented a new curriculum for special education in the primary grades, called Styer-Fitzgerald ("Styer"). Dkt. 33 at ¶ 5. Plaintiff struggled to implement the curriculum. *See* Dkt. 33 at ¶¶ 7, 10, 12; Dkt. 31 at ¶¶ 16-19. Plaintiff was placed on a plan of improvement on January 23, 2019. Dkt. 31 at ¶ 24, Ex. F.

In May 2019, a paraeducator in Plaintiff's classroom discovered that previously blank pages in students' progress records in the Styer notebooks now contained data inserted by the Plaintiff, some of which had been backdated to September 2018. In June 2019, Plaintiff was placed on paid leave pending investigation of the falsification of student records. Dkt. 30-1 at Ex. A. Pamela Sanford, the District's Director of Special Services, investigated and concluded there were multiple instances in which Plaintiff falsified student records. Dkt. 32 at ¶¶ 7,8; Dkt. 32-1 at 2-7.

In September 2019, while Ms. Sanford's investigation was pending, Plaintiff complained to the District of harassment and submitted a complaint to the EEOC. Dkt. 30-1 at 5, 7-9. The District hired an independent investigator to investigate the complaint. Dkt. 30 at ¶ 6. From the investigator's findings, the District concluded the complaint lacked merit. Dkt. 60 at 12, n. 2.

On February 18, 2020, the District notified Plaintiff that it had found probable cause not to continue to employ Plaintiff due to dishonesty, itemizing multiple instances of falsification of student records. Dkt. 29 at 5-6. Plaintiff's termination became effective August 30, 2020. Dkt. 30 at ¶ 11. Plaintiff appealed her discharge, but later dismissed her appeal. Dkt. 60 at 13.

Plaintiff filed suit on May 12, 2020. Dkt. 1. In her complaint, Plaintiff alleged hostile work environment and disparate treatment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Washington Law Against Discrimination, Chapter 49.60 RCW ("WLAD"); retaliation in violation of Title VII and WLAD; negligent

DEFENDANT'S MOTIONS IN LIMINE- 2
Case No. 3:20-cv-05448-BHS-SKV

Vandeberg Johnson & Gandara, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

supervision; and defamation. Plaintiff subsequently abandoned her negligent supervision and defamation claims.

On May 24, 2021, Defendants moved for summary judgment to dismiss all of Plaintiff's claims as a matter of law. Dkt. 28. On October 1, 2021, Judge Vaughan submitted a Report and Recommendation ("R&R") to the Court. Dkt. 60. The R&R recommended dismissal of Plaintiff's claims for hostile work environment, disparate treatment, and retaliation, with the exception of the allegation that retaliation might have been the cause of negative job references by the District:

> Plaintiff's hostile work environment and disparate treatment claims under Title VII and WLAD should be dismissed with prejudice, as should her Title VII and WLAD retaliation claims predicated on her termination, Defendant PASD's referral of charges against her to OPP, Defendant PASD's refusal to give her job references, and Defendant Butler's final negative performance evaluation. Defendant Butler should also be dismissed from this lawsuit. Plaintiff should be permitted, however, to maintain her Title VII and WLAD retaliation claims predicated on Defendant PASD's dissemination of negative job references.

*Id.* at 46. On March 1, 2022, the Court issued an Order Adopting Report and Recommendation ("Order"), which adopted the R&R in full. Dkt. 67 at 18.

## III.   ARGUMENT

Motions in limine "'are useful tools to resolve issues which would otherwise clutter up the trial.'" *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quoting *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986)).  *See Fenimore v. Donald M. Drake Const. Co.*, 87 Wn. 2d 85, 89, 549 P.2d 483 (1976) (motions in limine are encouraged "to simplify trials and avoid the prejudice which often occurs when a party is forced to object in front of the jury to the introduction of inadmissible evidence"). The granting of a motion in limine is a matter within the trial court's discretion. *See United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016) (stating that appellate courts "review the ruling on a motion in limine for abuse of discretion").

DEFENDANT'S MOTIONS IN LIMINE- 3
Case No. 3:20-cv-05448-BHS-SKV

Vandeberg Johnson & Gandara, ps
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

The rules of evidence provide that "irrelevant evidence is not admissible," Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence." Fed. R. Evid. 401. Even relevant evidence may be deemed inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid 403. With these rules in mind, defendant brings the following motions.

**Motion 1:   <u>Exclude Evidence Related to Dismissed Claims.</u>**

The R&R recommended dismissal with prejudice of Plaintiff's claims for:

- Hostile environment discrimination under Title VII and WLAD;
- Disparate treatment discrimination under Title VII and WLAD;
- Retaliation under Title VII and WLAD for allegations arising prior to the Plaintiff filing this lawsuit; and
- Retaliation under Title VII and WLAD based upon the allegation that the Defendant refused to give job references for the Plaintiff.

Dkt. 60 at 46. This Court adopted the R&R in full and granted the Defendant's motion for summary judgment in part. Dkt. 67 at 18.

Regarding the retaliation claim, the Court specifically dismissed Plaintiff's claims that the alleged retaliatory acts included:

- a 2019 negative performance evaluation;
- being placed on administrative leave;
- the notice of probable cause not to renew Plaintiff's contract and her subsequent discharge;
- the District's referral of the Plaintiff's conduct to the Office of Professional Practice ("OPP"); and
- declining to provide job references.

Dkt. 60 at 40-42; Dkt. 67 at 14-15.

DEFENDANT'S MOTIONS IN LIMINE- 4
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

Indeed, the *only* claims left standing are Plaintiff's "retaliation claims predicated on Defendant PASD's dissemination of negative job references." *Id.* These negative job references allegedly occurred when the Defendant's Human Resources director answered "no" when asked if the District would rehire the Plaintiff. Dkt. 60 at 42-43 (citing Dkt. 30 ¶ 14). Thus, the issue before the jury is whether there is an unlawful causal link between the District's statement that it would not rehire Plaintiff and the Plaintiff having filed this lawsuit on May 12, 2020.

Disregarding the Court's order, the Plaintiff proposes evidence that would re-litigate the dismissed claims. For example, in her proposed pre-trial statement provided to Defendant on October 4, 2022 (the day Defendant's response was due), Plaintiff offered only her complaint as "stipulated facts." LRC Dec., Ex. 1. Thus, Plaintiff's proposed facts include numerous allegations in support of claims that have been dismissed. Dkt 60 at 17-20. These include Plaintiff's claims that she and her romantic partner were ignored or looked at with contempt; that a principal told Plaintiff to 'watch it' with respect to public displays of affection with her partner, advised her to 'get out' of teaching special education, and announced to staff that Davis was not scheduled for teacher evaluations. *Id*. Allowing this irrelevant testimony could only serve to needlessly complicate trial and confuse the jury as to the issues before them, while potentially unfairly prejudicing the jury towards the District.

In addition, Plaintiff's proposed pre-trial statement contained numerous exhibits that are irrelevant and appear to relate to her dismissed claims of wrongful conduct or discrimination. Here, for example, are some of the exhibits proposed by the Plaintiff:

| No. | Description |
|---|---|
| 4 | Kim Davis evaluation 2001-2 |
| 5 | Kim Davis evaluation 2013 |
| 6 | Kim Davis evaluation 2014 |
| 9 | Kim Davis evaluation 2015 |
| 10 | Kim Davis evaluation 2016 |
| 11 | Kim Davis evaluation 2017 |
| 12 | Kim Davis evaluation 2018 |
| 13 | Kim Davis evaluation 2019 |

DEFENDANT'S MOTIONS IN LIMINE- 5
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

| 14 | Para staff meeting agendas |
|---|---|
| 15 | Class Routines |
| 17 | Copeland emails to Butler |
| 18 | KP IEP March 2019 |
| 19 | IEP Online Plan Manual |
| 20 | JC IEP AB Amendment emails |
| 25 | KP Sensory Diet emails |
| 26 | Butler Formal Classroom Observations |
| 27 | KD Issue #1 |
| 28 | KD Issue #2 |
| 29 | SH to MB email, PASD 004248 |
| 30 | AB email string, PASD 4251-4257 |
| 44 | Second Grade Student |
| 45 | Class Field Trip |
| 46 | Reading to Pigeon |
| 47 | Awards for Special Olympics |
| 48 | Bolinger Thank You Card |
| 49 | Camo with CW |
| 50 | Copeland and KD |
| 51 | Students Outside Window |
| 52 | Class Nature Walk |
| 53 | Tie-Dye Class 2002 |
| 54 | Class 2002 |
| 55 | Copeland Thank You Card |
| 56 | Ears Hang Low |
| 57 | Dr. Seuss Day |
| 58 | Dr. Seuss Birthday |
| 59 | Dry Creek Elem 2002-2003 |
| 60 | Dry Creek Elem 2003-2004 |
| 61 | Dry Creek Elem 2005-2006 |
| 62 | Dry Creek Elem 2001-2002 |
| 63 | Dry Creek Elem 2004-2005 |
| 64 | Early Intervention Para 1988 |
| 65 | Fall Tissue Paper Project |
| 66 | Fall Class Activity 2005 |
| 67 | Finding Joy in Small Places |
| 68 | First Grade Student AC 2004 |
| 69 | Franklin Class 2016-2017 |
| 70 | Franklin Class 2017-2018 |
| 71 | Franklin Class 2018-2019 |
| 72 | Gingerbread Houses |
| 73 | JF & KP 2018 |

LRC Dec., Ex. 1. Allowing exhibits related to Davis's performance going back to 2001 (exhibits

3-6, 9-13, 59-63) have no material bearing on an issue at trial. Similarly exhibits 14, 15, 25-28,

DEFENDANT'S MOTIONS IN LIMINE- 6
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

and 44 through 101 appear to be photographs of Davis in the classroom, or related documents, going back as far as 1999. Such evidence would only prolong trial and confuse the jury.

For these reasons, the Defendant asks that the Court grant its motion to prohibit evidence related to Plaintiff's claims for: Hostile environment and disparate discrimination under Title VII and WLAD, Retaliation under Title VII and WLAD for allegations arising prior to the Plaintiff filing this lawsuit, and Retaliation under Title VII and WLAD based upon the allegation that the Defendant refused to give job references for the Plaintiff.

To avoid confusion, Defendant agrees that the jury will need to understand that the District made the decision not to renew the Plaintiff's contract. Plaintiff should also be allowed to present evidence of job applications, regardless of whether the District provided a negative reference, to allow her to rebut the District's affirmative defense that Plaintiff failed to mitigate her damages. However, this Court dismissed most of the claims in the complaint after a thorough review of the evidence. The jury should not be misled to believe it should reconsider this evidence to determine whether Plaintiff was discriminated against, or harmed by any of the other dismissed claims.

**Motion 2:  <u>Exclude Evidence Related to Plaintiff's Reasons for Filing a Complaint</u>**

The District does not dispute that Davis engaged in a protected activity under both Title VII and WLAD when she filed a lawsuit for discrimination in May 12, 2020. Dkt. 60 at 37. As explained below, Plaintiff's subjective reasons for filing suit are not material to the remaining retaliation claims.

There are two ways a plaintiff can satisfy the first element of a Title VII retaliation claim: by opposing discrimination (the "opposition clause") or by participating in a complaint, investigation, or adjudicative process (the "participation clause"). Under the opposition clause, the plaintiff is protected only if she had a reasonable, good faith belief that the employer engaged in discriminatory conduct. *See, e.g., Breeden v. Clark Cty. Sch. Dist.*, No. 99-15522, 2000 U.S. App. LEXIS 17564 at *2 (9th Cir. July 19, 2000). On the other hand, the participation clause "'shields

DEFENDANT'S MOTIONS IN LIMINE- 7
Case No. 3:20-cv-05448-BHS-SKV

V<small>ANDEBERG</small> J<small>OHNSON</small> & G<small>ANDARA</small>, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

an employee from retaliation regardless of the merit'" of the employee's complaint, as long as the complaint is for conduct prohibited by Title VII. *Luckey v. Visalia Unified Sch. Dist.,* No. 1:13-CV-332 AWI SAB, 2013 U.S. Dist. LEXIS 127027 at *2-5 (E.D. Cal. Sep. 4, 20130) (quoting *Sias v. City Demonstration Agency,* 588 F.2d 692, 695 (9th Cir. 1980). As the U.S. Equal Employment Opportunity Commission explains:

> [T]he "participation clause," provides protection from retaliation for many actions, including filing or serving as a witness for any side in an administrative proceeding or lawsuit alleging discrimination in violation of an EEO law.[16] **The participation clause applies even if the underlying allegation is not meritorious or was not timely filed.**

*Enforcement Guidance on Retaliation and Related Issues,* Office of Legal Counsel, U.S. Equal Employment Opportunity Commission, August 16, 2016, available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-retaliation-and-related-issues) (footnotes omitted) (emphasis added).

> **The WLAD's participation clause closely tracks its Title VII counterpart.** *Compare* 42 U.S.C. § 2000e-3(a) (unlawful to discriminate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter"), *with* RCW 49.60.210(1) (unlawful to discriminate against an employee "because he or she has filed a charge, testified, or assisted in any proceeding under this chapter"). **In light of the textual similarity between these two provisions, there is reason to believe that Washington courts would follow Title VII case law** . . . *See Short v. Battle Ground Sch. Dist.,* 169 Wash. App. 188, 196, 279 P.3d 902 (2012) (courts in Washington may look to cases applying Title VII as a "source of guidance" when interpreting similar provisions of the WLAD) (citation omitted).

> It also bears noting that the WLAD's anti-retaliation provision is narrower in scope than its Title VII counterpart. As noted above, the WLAD protects employees who have "filed a charge, testified, or assisted" in a proceeding under the WLAD. RCW 49.60.210(1). Title VII, by contrast, protects those who have "made a charge, testified, assisted, *or participated in any manner*" in a matter cognizable under Title VII. 42 U.S.C. § 2000e-3(a) (emphasis added). In addition, Title VII references participation in "an *investigation*, proceeding or hearing," 42 U.S.C. § 2000e-3(a) (emphasis added), while the WLAD merely references "any proceeding," RCW 49.60.210(1). **These subtle differences make the reasoning in the Title VII cases cited above even more persuasive.**

DEFENDANT'S MOTIONS IN LIMINE- 8
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

*Reiber v. City of Pullman*, No. 11-CV-0129-TOR, 2013 U.S. Dist. LEXIS 108516, at *27-28 (E.D. Wash. Aug. 1, 2013) (emphasis added). *See also Estevez v. Faculty Club*, 129 Wn. App. 774, 793, 120 P.3d 579, 587 (2005) ("[b]ecause RCW 49.60 substantially parallels Title VII, federal cases interpreting Title VII are 'persuasive authority for the construction of RCW 49.60'" in a case alleging retaliation) (citation omitted).

Defendant anticipates that Plaintiff may try to use her remaining retaliation claim as a "back door" to present allegations that were held to be insufficient to support her discrimination claims, to appeal to the jury's sympathies in her favor. However, Defendant has stipulated that Plaintiff's complaint satisfies the first element of her retaliation claims under the participation clause. The issues before the jury are (1) whether the District's statement that it would not rehire Plaintiff would have been made but for the plaintiff filing a lawsuit, and (2) whether filing the complaint was a substantial cause for the District to have made such a statement. Therefore, Plaintiff's subjective reasons for filing the complaint are not relevant to whether the District unlawfully retaliated against Plaintiff by providing an adverse reference when it stated it would not rehire plaintiff. *See Villiarimo,* 281 F.3d at 1064; *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 50 (2015).

**Motion 3: <u>Exclude Evidence Not Timely Produced in Response to Discovery.</u>**

In discovery, the District asked plaintiff to identify all statements that supported her claim that an employee of the District might be obstructing her ability to find a job. LRC Dec., Ex. 3 (Interrogatory No. 13).

In her sworn response, Plaintiff asserted that five prospective employers rejected her due to her references: "Oak Harbor, Tacoma, ISWA and WAVE" in addition to "South Kitsap SD." LRC Dec., Ex. 3. However, Plaintiff provided no evidence that the District responded to any inquiry from Tacoma Public Schools, Insight School of Washington (ISWA), or Washington

---

DEFENDANT'S MOTIONS IN LIMINE- 9
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

Virtual Academy (WAVA) about the Plaintiff. As to South Kitsap School District and Oak Harbor School District, Plaintiff asserted that she had interviewed for positions in July and August of 2019. LRC Dec., Ex. 3. Thus, as of the conclusion of the discovery period, Davis had provided no documents to support a claim that the District provided any negative reference prior to Plaintiff filing a lawsuit in May 2020.

Plaintiff produced evidence of job seeking activity through November 2021. The Court granted the District's motion to extend the discovery period through August 26, 2022. Dkt. 78. During this extended discovery period, Plaintiff did not provide any further response. When asked about supplementing the Plaintiff's responses, counsel for Plaintiff sent an email stating:

> Plaintiff has nothing to add to her response to Rog 12, aside from pointing to the link previously provided with the ~ 200 job applications. Let me know if you need the link again.

> Regarding Rog 13, Plaintiff has nothing additional to provide in response besides pointing to what Scott Harker admitted to during his deposition.

LRC Dec., Ex. 4. The Plaintiff did not elaborate on what Mr. Harker stated in his deposition, nor did she provide citations to his deposition testimony.

Then on October 4, 2022, Plaintiff for the first time produced her proposed exhibits 22 and 23. LRC Dec. at ¶ 4. These records were not timely produced and should be excluded. Further, Plaintiff should be precluded from testifying or offering evidence at trial of any other information related to employment applications which was not timely provided to Defendant.

**Agreed Motion 4:  Evidence of Insurance Against Liability**

The parties agree to exclude any reference to whether the District has liability coverage.

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

1

**Agreed Motion 5: <u>Evidence of Special Damages based on Treatment for Emotional Distress</u>**

2

3       The parties agree that Plaintiff may not offer into evidence or refer in testimony to any

4       special damages for treatment of emotional, physical, or psychological illness, or rely on medical

5       records or testimony from a health care provider or expert witness regarding emotional distress.

**Motion 6:  <u>Exclude Evidence Regarding Deceased Coworker</u>**

6

7       The District requested exclusion of testimony related to Plaintiff's performance as a

8       teacher, because her claims for discrimination and wrongful discharge were dismissed. The

9       District will need to articulate the reason it decided not to renew her annual contract, in order to

10      explain to the jury why it was not willing to rehire her. However, other matters related to Plaintiff's

11      performance as a teacher, or others' opinions about such performance, have no relevance to the

12      issue before the jury: whether the District made unprivileged, adverse statements about her in

13      retaliation for filing a lawsuit against the District.

14      To the extent evidence regarding Plaintiff's performance is deemed admissible, the Court

15      should exclude any evidence regarding the paraeducator Patricia Riefenstahl. Ms. Riefenstahl was

16      named as a defendant in this matter and died prior to providing testimony. As an unavailable

17      witness who has not made a sworn statement, Plaintiff should not be allowed to testify as to Ms.

18      Riefenstahl's statements or conduct. Fed. R. Evid. 802, 804.

**Agreed Motion 7:  <u>Exclude Rebuttal Expert if Dr. Tucker does not Testify</u>**

19

20      The parties agree that if the Defendant does not call its expert Dr. Vanessa Tucker to testify

21      regarding the District's probable cause finding, then the Plaintiff's rebuttal expert Patricia J.

22      Steinberg may not testify.

23

**Motion 8:  <u>Exclude Witnesses with No Relevant Testimony</u>**

24      Plaintiff identified nine witnesses with no relevant personal knowledge, namely: (1) Tanya

25      Pepper, (2) Eric Pickens, (3) Leslie Mraz, (4) Amy Delabarre, (5) Maria Bahn, (6) Catherine

26

DEFENDANT'S MOTIONS IN LIMINE- 11
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\00000-09999\02038\02038.36059\Pleadings\Defendant's Motions in Limine

Slagle, (7) Shawn Harman, (8) Tiffany Blore, and (9) Chris Burton. None of these individuals has knowledge of plaintiff's job applications, the District's response, or other information material to an issue at trial.

The testimony of Plaintiff's former partner Ms. Pepper, union representative Eric Pickens, coworker Amy Delabarre, parent Maria Bahn, would ostensibly relate to Plaintiff's performance as a teacher and the dismissed claims of a hostile work environment and discriminatory treatment. *See, e.g.,* Dkt. 60 at 40. Similarly, investigator Chris Burton has knowledge solely pertaining to these dismissed claims.

Leslie Mraz and Tiffany Blore were District employees who were asked to assist Plaintiff in her implementation of Styer-Fitzgerald. Plaintiff was not fired for her failure to implement the program, so this information is not material to any issue at trial.

Shawn Harman is the OSPI employee who interviewed Plaintiff regarding the District's report to OPP, and Catherine Slagle is the OPP director that confirmed dismissal of the report. This Court dismissed any claim related to the District's report to OSPI. Dkt. 60 at 42.

Accordingly, these nine witnesses should be excluded from testifying at trial.

Pursuant to Local Civil Rule 7(b)(4), the undersigned attorney certifies that she conferred with opposing counsel to attempt to resolve which matters are in dispute.

VANDEBERG JOHNSON & GANDARA, PS


By:/s/ *Lucy R. Clifthorne*
   Lucy R. Clifthorne, WSBA No. 27287
   Heidi M. Maynard, WSBA No. 47241
1201 Pacific Ave., Suite 1900
Tacoma, Washington  98401-1315
253-383-3791 (Tel.)
hmaynard@vjglaw.com
lclifthorne@vjglaw.com
*Attorneys for Port Angeles School District*

DEFENDANT'S MOTIONS IN LIMINE- 12
Case No. 3:20-cv-05448-BHS-SKV

VANDEBERG JOHNSON & GANDARA, PS
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377